# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

MELISSA MCNEELY,          )

                   )

        **Plaintiff,**        )

                   )

v.                   )     **Case No. CIV-14-306-FHS-SPS**

                   )

CAROLYN W. COLVIN,      )

**Acting Commissioner of the Social**   )

**Security Administration,**      )

                   )

        **Defendant.**      )

## REPORT AND RECOMMENDATION

The claimant Melissa McNeely requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on January 21, 1971, and was forty-two years old at the time of the administrative hearing (Tr. 26, 130). She earned her GED, and has worked as a cashier checker, housekeeping cleaner, and bartender (Tr. 33, 55). The claimant alleges that she has been unable to work since April 8, 2011, due to Crohn's disease (Tr. 149).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-05, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on June 20, 2011. Her applications were denied. ALJ James Bentley conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated February 20, 2013 (Tr. 11-21). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant retained the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could only perform work that allowed her to alternate between sitting and standing without leaving the

workstation (Tr. 14).  The ALJ thus concluded that the claimant was not disabled because she could return to her past relevant work as a housekeeper (Tr. 19).  Alternatively, he determined that there was work in the national and regional economy that she could perform, *i. e.*, cashier II, arcade attendant, and small products assembler (Tr. 20).

## Review

The claimant's sole contention of error is that the ALJ erred in failing to determine a frequency in relation to the sit/stand limitation in her RFC.  The undersigned Magistrate judge is not persuaded by the claimant's arguments.

The claimant had the severe impairments of non-specific colitis and fibromyalgia syndrome (Tr. 13).  At the administrative hearing, the ALJ called on vocational expert ("VE") Melissa Brassfield to testify as to the claimant's past relevant work and ability to perform other work (Tr. 55-58).  The ALJ asked the VE to describe the claimant's past relevant work, which the VE classified as:  (i) cashier checker, (ii) housekeeping cleaner, and (iii) bartender (Tr. 55).  He then proposed a hypothetical where the VE was to "assume [an] individual with the past jobs you just described.  Further assume the individual is limited to light work, however, would require a sit/stand option.  And what I mean by that is just the temporary change in position from sitting to standing and vice versa without leaving the workstation" (Tr. 55).  Following that hypothetical, the VE stated that such a person could perform the claimant's past relevant work as housekeeping cleaner, which would allow her to change positions "once an hour for, you know, five minutes" (Tr. 56).  She then identified three additional jobs the claimant could

perform: cashier II, arcade attendant, small product assembler (Tr. 56). As for the cashier II job, the VE testified that such a job allowed a sit/stand at will option in ten percent of those jobs, and thus cited a reduced number of ten percent of those jobs in the Oklahoma economy at 2,000 jobs (Tr. 56). As to all three of the additional jobs identified, she stated that her "testimony regarding jobs that would allow a sit/stand option as you described in the hypothetical in [an] at will sit/stand option is based on professional observation and experience. That's not something the [Dictionary of Occupational Titles ("DOT")] addresses" (Tr. 56). The ALJ asked whether the rest of her testimony was consistent with the DOT, and she answered in the affirmative (Tr. 56).

In his written opinion, the ALJ summarized much of the claimant's testimony, as well as the medical evidence in the record. He noted the claimant's own reports that she suffers from Crohn's disease, but pointed out several medical opinions questioning that diagnosis (Tr. 16). He then determined that the claimant could perform light work that allowed her to alternate sitting and standing without leaving the workstation (Tr. 14). He thus concluded that the claimant was not disabled. In making his findings that the claimant could return to one of her past jobs or alternatively that there was work in the regional and national economy she could perform, the ALJ noted that the VE's testimony was "inconsistent" with the DOT because the DOT does not address restrictions related to sitting and standing. He nevertheless concluded, because the VE's testimony included professional experience and observations, that the claimant could successfully adjust to other work (Tr. 20).

Residual functional capacity is defined by the Social Security Regulations as what a claimant is capable of doing despite her mental and physical limitations. *Davidson v. Secretary of Health & Human Services*, 912 F.2d 1246, 1253 (10th Cir. 1990). RFC categories have been established based on the physical demands of various kinds of work in the national economy. 20 C.F.R. § 404.1567. RFC is a medical assessment based primarily on medical findings such as symptoms, signs, and laboratory results. Additionally, medical and non-medical sources also must be considered in determining the RFC. 20 C.F.R. § 404.1545(a). When the ALJ is assessing the RFC, he "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i. e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

In this case, the ALJ found that any work the claimant could perform must allow her to alternate sitting and standing without leaving the workstation, but he did not specifically discuss a frequency in relation to this limitations. The claimant argues this was error under Soc. Sec. R. 96-9p, 1996 WL 374185, at *7 (July 2, 1996) ("An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. . . . The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing."). Although Soc. Sec. R. 96-9p applies in the case of *sedentary work*, not *light work*, *see Vititoe v. Colvin*,

549 Fed. Appx. 723, 731 (10th Cir. 2013) ("But SSR 96-9p applies in cases where the claimant is limited to less than the full range of *sedentary work* and the disability determination is not directed by the Grids. Here the ALJ found that Mr. Vititoe retains the capacity to perform less than the full range of *light work*, so SSR 96-9p is not applicable.") [emphasis in original], those guidelines are nonetheless applicable in this case because "[p]recisely how long a claimant can sit without a change in position is also relevant to assumptions whether [s]he can perform light work." *Vail v. Barnhart*, 84 Fed. Appx. 1, 4 (10th Cir. 2003), *citing* 20 C.F.R. § 404.1567(b). This is consistent with Soc. Sec. Rul. 83-12, which states:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.) [ M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base.

(Program Policy Statement -103) 1983 WL 31253, at *4.

Here, the ALJ did not specify a frequency for alternately sitting and standing, as long as the claimant did not leave her workstation. Despite the Commissioner's

arguments to the contrary, courts in the Tenth Circuit have held that this regulation regarding sedentary work also has application for light work, and the ALJ *should have* been more specific in his RFC assessment. *See Vail*, 84 Fed. Appx. at 4; *See also Newton v. Colvin*, 2013 WL 6169298, at *3 n.3 (W.D. Okla. Nov. 21, 2013) ("Because the question of how often a claimant can sit without changing positions is equally important when light work is involved, *see* 20 C.F.R. § 404.1567(b), courts have frequently relied on SSR 96-9p when assessing opinions that a claimant cannot perform a full range of light work."), *citing Vail*, 84 F. Appx. at 4-5 *and Verstraete v. Astrue*, 2013 WL 238193, at *3-5 (D. Kan. Jan. 22, 2013). Neither did the ALJ specify the frequency of the sit/stand option when he proffered his hypotheticals to the VE. This would ordinarily be reversible error in light of the above-cited case law, *see Ward v. Colvin*, 2015 WL 1040523, at *4 (D. Colo. Mar. 5, 2015) ("[T]he record contains no basis upon which to conclude that the VE interpreted the ALJ's hypothetical in the manner that the Commissioner suggests. Thus, the Court has no basis upon which to reasonably conclude that the VE interpreted the ALJ's hypothetical as limiting plaintiff to jobs permitting sitting or standing at will."), but here there is no error because the VE's testimony explained that the claimant could sit down approximately five minutes every hour for her past work as a housekeeping cleaner, and that the jobs cited at step five accounted for the ability to sit/stand at will, including numbers reflecting a reduction to the occupational base to account for the sit/stand at will option. The plaintiff herself asserts[2] that the RFC

---

[2] The undersigned Magistrate Judge would caution claimant's counsel that "Uh, no he didn't[,]"

must be tied to time or classified as "at will," which has been done in this case. *See Waltemire v. Colvin*, 2014 WL 3809189, at *7 (D. Kan. Aug. 1, 2014) ("But questioning of a VE is sufficiently specific when the ALJ includes an 'at will' or 'as needed' requirement to the sit/stand limitation."), *quoting Buchheit v. Astrue*, 2012 WL 61591460, at *4 & n.1 (D. Kan. Dc. 22, 2012). *Cf. Verstraete v. Astrue*, 2013 WL 238193, at *5 (D. Kan. Jan. 22, 2013) ("[L]anguage to change position from time to time, or brief changes of position (alternating siting and standing), or a sit/stand option fail to specifically indicate the frequency of the claimant's need to alternate sitting and standing.") [internal citations omitted].  Although an ALJ's failure to explain his findings is ordinarily reversible error, here it became harmless because there is no question that his findings were based on that specific assumption in this case, *i. e.*, an "at will" sit/stand option. *See Jimison ex rel. Sims v. Colvin*, 513 Fed. Appx. 789, 792 (10th Cir. Mar. 21, 2013) ("Although the ALJ did not specify in his written RFC that the sit/stand option was at will, there can be no question that this was the ALJ's finding because he did not correct the VE when the VE told Ms. Sims's attorney that the vocational assessment was based on that assumption.").

Because substantial evidence supports the ALJ's decision as outlined above, the undersigned Magistrate Judge RECOMMENDS that the decision of the Commissioner be AFFIRMED.

---

*see* "Ms. McNeely's Reply Brief, Docket No. 18, at 3, is an improper response to opposing counsel's arguments that the ALJ properly determined the sit/stand requirements.

**Conclusion**

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were applied by the ALJ and the decision of the Commissioner is therefore supported by substantial evidence. Accordingly, the undersigned Magistrate Judge RECOMMENDS that the decision of the Commissioner be AFFIRMED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of September, 2015.

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**